## STATE OF CONNECTICUT *v.* STEPHEN TUNICK
### (SC 18262)

Rogers, C. J., and Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.

Argued March 15—officially released April 20, 2010

*Richard Emanuel,* for the appellant (defendant).

*Ronald G. Weller,* senior assistant state's attorney, with whom, on the brief, were *John Smriga,* state's attorney, and *Pamela Esposito,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Stephen Tunick, was convicted, after a jury trial, of one count of sexual

assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2). He appealed to the Appellate Court, which affirmed the judgment of conviction. *State v. Tunick*, 109 Conn. App. 611, 616, 952 A.2d 103 (2008). This court then granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court improperly affirm the defendant's conviction, without first remanding the case to the trial court for a hearing on the question of whether the trial judge had actively participated in pretrial negotiations?" *State v. Tunick*, 289 Conn. 943, 959 A.2d 1011 (2008). We conclude that certification was improvidently granted and dismiss the appeal.

The Appellate Court's opinion sets forth the following facts and procedural history. "The defendant was arrested on June 15, 2006, at which time he hired attorney William Taylor to represent him.[1] On September 12, 2006, the defendant entered a plea of not guilty. Several continuances were granted, and, finally, on November 17, 2006, the case was scheduled for trial to commence on November 20, 2006.[2] On November 18, 2006, attorney John R. Williams filed an appearance with the court via facsimile in lieu of Taylor's appearance. For no explained reason, the Superior Court clerk's office did not enter Williams' appearance in the court's file by the morning of November 20, 2006, so

---

[1] The defendant was arrested and charged with sexual assault in the fourth degree in connection with an incident that took place on June 12, 2006, during which the defendant slapped the victim on the buttocks. In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, and because the information is not relevant to this appeal, we decline to identify the victim or to describe the circumstances surrounding the assault. See General Statutes § 54-86e.

[2] "The discussions that took place on November 17, 2006, were done in chambers, and no transcript is available for that day. The events of that day later were recorded by virtue of the court's explanation made during a discussion of the defendant's motion to disqualify, which took place on November 21, 2006." *State v. Tunick*, supra, 109 Conn. App. 612 n.1.

that when court was convened on that day, the court file still reflected that Taylor represented the defendant.

"When the case was called, neither the defendant, nor Taylor or Williams were present. The court, *Ginocchio, J.*, promptly ordered that the defendant be rearrested. Later in the day, attorney Joseph M. Merly, a member of Williams' law firm, appeared in court with the defendant. The court vacated the rearrest order and reinstated the bond. The court further asked Merly to counsel with his client to determine if it was his client's intent to apply for accelerated rehabilitation or to go to trial.

"On November 21, 2006, Williams filed his motion for recusal . . . .[3] [The court held a hearing on the motion, at which Williams stated]: 'Your Honor has participated in plea negotiations in this case; you have demonstrated an appearance of bias; you have made representations on the record of facts, which, in fact, are not correct, and I have with me an attorney, a member of the bar . . . prepared to swear that in fact, representations you made yesterday putting this case in here for trial as of this morning are contrary to representations you made to him in January.'[4] The court denied the defendant's

---

[3] "The defendant's motion to disqualify, filed on November 21, 2006, states: 'The defendant respectfully moves to disqualify Hon. James P. Ginocchio from sitting on the trial of this action for the reason that Judge Ginocchio has participated in pretrial settlement matters in this case and has used his judicial office in an attempt to coerce the defendant to accept a bargain with the state and waive his sixth amendment right to a trial by jury.' " *State v. Tunick*, supra, 109 Conn. App. 613 n.2.

[4] Immediately after Williams made this statement, the trial court asked whether the prosecutor wanted to be heard. The prosecutor responded, "There's not a lot of information in that argument. I'd like to be heard after . . . Williams fills in the details." The trial court then asked Williams, "Well that's your argument . . . ?" Williams responded, "[M]y argument is set forth in the papers that I filed and I would stand on those papers. [I]f you choose not to read them I guess that will be taken up at a later time." There was then a pause in the proceedings while the trial court read the papers that Williams had submitted.

In support of the motion to disqualify, Williams had submitted an affidavit in which he stated that Merly had indicated that the trial court had engaged

motion to disqualify." *State* v. *Tunick*, supra, 109 Conn. App. 612–13.

The defendant then appealed to the Appellate Court claiming that the trial court improperly had denied his motion to disqualify itself because the court had participated in pretrial discussions and negotiations; id., 614; and because the court was biased against him. Id., 616. The Appellate Court rejected these claims and affirmed the judgment of the trial court. Id. This appeal followed.

The defendant claims on appeal that the Appellate Court improperly affirmed the defendant's conviction, without first remanding the case to the trial court for a hearing on the question of whether the trial court had actively participated in pretrial negotiations. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

in improper conduct during the court proceedings on November 20, 2006. Williams did not indicate in the affidavit that the trial court had engaged in pretrial discussions or negotiations in the case.